

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00234-CR

THE STATE OF TEXAS,

           **Appellant**

 **v.**

QUINCY BUTLER,

           **Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 12-00472-CRF-272

## MEMORANDUM OPINION

The State appeals from the trial court's order granting Quincy Butler's motion to suppress. We reverse and remand.

### Background Facts

Butler was indicted on August 18, 2011, in Brazos County for two counts of aggravated assault with a deadly weapon. One of the counts involved family violence. The indictments were related to events that occurred on May 28, 2011. Butler also had charges pending in Waller County for possession of a controlled substance, possession

of a firearm by a felon, and evading arrest that stemmed from the events on May 28.

Butler's attorney indicated to the State that Butler wished to testify at the August 2011, grand jury proceedings involving the charges for aggravated assault. The State sent Butler an invitation through his attorney to appear at the grand jury proceedings. The invitation letter contained "target warnings" taken from TEX. CODE CRIM. PRO ANN. art. 20.17 (West 2005). Butler voluntarily appeared before the grand jury, and he was informed that the grand jury was investigating the two charges of aggravated assault. Butler was again given the target warnings orally and in writing, and he waived his rights provided in the target warnings and testified before the grand jury about the events that occurred on May 28, 2011.

Butler was later indicted on January 26, 2012, in Brazos County for deadly conduct discharging a firearm and possession of a firearm by a felon for the events that occurred on May 28, 2011. The State elected to try the cases from the January 2012 indictment first. On April 5, 2012, Butler filed a motion to suppress his statements made at the August 2011 grand jury proceedings. After hearing evidence and arguments concerning the motion, the trial court granted the motion to suppress. The State appeals from the order granting the motion to suppress.

### Motion to Suppress

The State argues in two issues that the trial court erred in granting Butler's motion to suppress. In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim.

App. 1997). Because the trial court is the exclusive fact finder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman v. State*, supra. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Guzman v. State*, supra; *Davila v. State*, 4 S.W.3d 844, 847-48 (Tex. App.—Eastland 1999, no pet'n). We review questions involving legal principles and the application of law to established facts de novo. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004).

Butler testified at the grand jury proceedings that on May 27, 2011, he went to Bryan, Texas to visit Pinkie Hardy. Butler and Hardy were in a relationship, and Butler stayed with Hardy at her residence. Butler testified that on May 28, 2011, David Roberson came to Hardy's residence and forced his way inside and that Roberson shoved Hardy and choked her. Butler testified that he gathered his belongings to leave the residence, and he grabbed a weapon in the room. When asked before the grand jury if he knew who owned the weapon, Butler responded that he did not know. Butler asked to speak to his attorney who was out in the hallway.

When Butler returned after speaking with his attorney, he stated that he did not know who owned the weapon, but that he brought the weapon with him from Houston. Butler then said that he purchased the weapon off the street in Houston and that he brought the gun with him for protection. Butler stated that he was leaving

Hardy's residence to go get her father for assistance and someone shut the door behind him. Butler stumbled coming down the stairs to the residence, and the gun discharged. Butler heard a scream, the front door opened, and Roberson came to the door and said, "You shot her." Butler said that the shooting was an accident and that he panicked and fled the scene.

Butler was questioned about the charges pending in Waller County, and he declined to answer those questions. Butler was also questioned about his previous convictions, and he admitted to being a convicted felon. Butler acknowledged that as a convicted felon he could not possess a firearm.

In his motion to suppress statements he made to the grand jury, Butler argued that the statements were given in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I Sections 10 and 19 of the Texas Constitution, and also several provisions of the Texas Code of Criminal Procedure. In the findings of fact and conclusions of law, the trial court found that Butler's statements before the grand jury were given in violation of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. The court found that the statements were not freely, intelligently, and voluntarily given because Butler did not receive effective assistance of counsel from his attorney at the time of the grand jury proceedings.

In the first issue, the State argues that the trial court erred in granting Butler's motion to suppress because the exclusionary rule does not apply to pretrial ineffective assistance claims and because Butler did not receive ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052. Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Id.* at 687, 104 S.Ct. 2052.

In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Id*. In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation. *Id*. "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez v. State*, 343 S.W.2d at 142-3. When such direct

evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez v. State*, 343 S.W.2d at 143. In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Id*.

Butler's attorney informed the State that Butler wished to appear before the grand jury. The target warnings were given in writing to Butler's attorney and orally to Butler at the grand jury proceedings. The warnings included that Butler had the right to refuse to answer any questions that might incriminate him. Butler waived his rights and testified.

Butler's attorney testified at the hearing on the motion to suppress that he discussed with the Butler the consequences of testifying before the grand jury that he was in possession of a firearm. They further discussed that it would be hard to deny Butler possessed a firearm because the police caught him with the weapon in Waller County. The attorney told Butler that if he testified, he would "make the case for them in Waller." Butler wanted to testify before the grand jury that the shooting that occurred on May 28, 2011 was an accident. Butler believed that Hardy would also appear before the grand jury and state that the shooting was an accident. Butler hoped to get "no billed" on the aggravated assault charges and then deal with the remaining charges.

Defense counsel has the primary responsibility to inform the defendant of his right to testify, including the fact that the ultimate decision belongs to the defendant.

*See Johnson v. State*, 169 S.W.3d 223, 235(Tex. Crim. App. 2005). After discussing the benefits and consequences of testifying before the grand jury with his attorney, Butler wanted to testify. Butler has not shown that trial counsel's performance was deficient.

Moreover, Butler has not shown that the result of the proceeding would have been different but for counsel's unprofessional errors. Butler was stopped by police, and police found a firearm in the vehicle. Butler wrote a letter to Hardy's father admitting that he shot Hardy, but stating that is was an accident. The trial court concluded that Butler received ineffective assistance of counsel; and, therefore, his statements were not voluntarily and freely given. Butler did not receive ineffective assistance of counsel, and the trial court abused its discretion in suppressing the grand jury testimony. We sustain the State's first issue on appeal.

## Article 20.17 Target Warnings

The State argues in its second issue that the trial court erred in granting Butler's motion to suppress on the ground that Butler was not given the proper target warnings as required by TEX. CODE CRIM. PRO ANN. art. 20.17 (West 2005). Article 20.17 provides:

> (a) The grand jury, in propounding questions to the person accused or suspected, shall first state the offense with which he is suspected or accused, the county where the offense is said to have been committed and as nearly as may be, the time of commission of the offense, and shall direct the examination to the offense under investigation.
>
> (b) Prior to any questioning of an accused or suspected person who is subpoenaed to appear before the grand jury, the accused or suspected person shall be furnished a written copy of the warnings contained in Subsection (c) of this section and shall be given a reasonable opportunity to retain counsel or apply to the court for an appointed attorney and to consult with counsel prior to appearing before the grand jury.

(c) If an accused or suspected person is subpoenaed to appear before a grand jury prior to any questions before the grand jury, the person accused or suspected shall be orally warned as follows:

(1) "Your testimony before this grand jury is under oath";

(2) "Any material question that is answered falsely before this grand jury subjects you to being prosecuted for aggravated perjury";

(3) "You have the right to refuse to make answers to any question, the answer to which would incriminate you in any manner";

(4) "You have the right to have a lawyer present outside this chamber to advise you before making answers to questions you feel might incriminate you";

(5) "Any testimony you give may be used against you at any subsequent proceeding";

(6) "If you are unable to employ a lawyer, you have the right to have a lawyer appointed to advise you before making an answer to a question, the answer to which you feel might incriminate you."

The trial court found that Butler was never warned concerning statements about another offense, the possession of a firearm by a felon, with which he was later indicted.

Butler was given the required target warnings both orally and in writing. Butler was informed that the nature of the investigation was aggravated assault with a deadly weapon, and he was indicted at that time for those offenses. Butler was specifically warned that his statements could be used against him in subsequent proceedings. During his testimony, Butler admitted to another offense that was not under investigation by the grand jury at that time. *See Andino v. State*, 645 S.W.2d 615 (Tex. App.—Austin 1983, no pet.). A subsequent grand jury investigated the allegations of unlawful possession of a firearm by a felon and indicted Butler for that offense. The

target warnings given to Butler at the time of his grand jury testimony for the aggravated assault offenses complied with requirements of Article 20.17 *See Andino v. State, supra.* The trial court abused its discretion in suppressing the statements. We sustain the State's second issue on appeal.

## Conclusion

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed May 2, 2013
Do not publish
[CR25]