

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0481-10

**PABLO LOPEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined. MEYERS and ALCALA, JJ., did not participate.

### O P I N I O N

Appellant was indicted for aggravated sexual assault of a child.[1] In January 2008, a jury convicted appellant and assessed punishment at fifty years in prison. On direct appeal, the court of appeals reversed appellant's conviction, based on a finding of ineffective assistance of counsel, and

---

[1] TEX. PENAL CODE § 22.021. The offense at hand was allegedly committed on or about July 1, 2001. Accordingly, we will apply the former version of § 22.021 in effect in 2001.

remanded the case to the trial court for further proceedings.[2]  We granted the state's petition for discretionary review to determine whether the court of appeals erred in reversing the trial court on grounds of ineffective assistance of counsel when the record is silent as to whether trial counsel's acts or omissions were based upon tactical decisions.  After examining the record, we reverse the court of appeals's judgment and remand this cause to that court for further proceedings.

### The Appeal

The court of appeals found that appellant was denied his right to effective assistance of counsel[3] when appellant's trial counsel: (1) failed to raise the provisions of article 38.072 of the Texas Code of Criminal Procedure and limit the amount of hearsay[4] that could be admitted; and (2) failed to object to inadmissible opinion testimony.[5]

According to the court of appeals, article 38.072 allows the admission of a hearsay statement made to an outcry witness by certain abuse victims, including child victims of a sexual offense.  The outcry witness is the first person over the age of 18, other than the defendant, to whom the child spoke about the offense.[6]  The statement must be "more than words which give a general allusion that something in the area of child abuse is going on"; it must be made in some discernable manner and is event-specific rather than person-specific.[7]  Hearsay testimony from more than one outcry

---

[2] *Lopez v. State*, 315 S.W.3d 90 (Tex. App.—Houston [1st Dist.] 2010, pet. filed).

[3] U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10.

[4] Hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d).

[5] *Lopez*, 315 S.W.3d at 93.

[6] TEX. CODE CRIM. PROC. art. 38.072, § 2 (a)(3).

[7] *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990).

witness may be admissible under article 38.072 only if the witnesses testify about different events.[8] There may be only one outcry witness per event.[9] In order to invoke the statutory exception, the party intending to offer the statement must notify the adverse party of the names of the outcry witnesses and a summary of their testimonies, the trial court must conduct a reliability hearing of the witnesses outside the presence of the jury, and the child victim must testify or be available to testify at the proceeding.[10]

The court of appeals noted that, although the state gave notice of its intention to present the outcry testimony of both Maria Benavides and Claudia Mullin, the state also presented the hearsay testimony of a third witness, Toni Sika. No reliability hearing was conducted, nor was one requested by trial counsel. All three witnesses testified to the same events; thus, the testimonies of at least two outcry witnesses constituted inadmissible hearsay and were improper bolstering of B.R.'s testimony, serving solely to enhance B.R.'s credibility—the sole issue in this case—in violation of rule 613 (c) of the Texas Rules of Evidence. The record is silent as to trial counsel's reason for not objecting to the improper testimony, but the court of appeals found that no reasonably sound trial strategy was plausible. It therefore concluded that counsel's performance fell below an objective standard of reasonableness.[11]

The court of appeals also found counsel's performance deficient for failing to object to direct opinion testimony by Claudia Mullin and Officer Parrie as to B.R.'s truthfulness. Direct opinion

---

[8] *Broderick v. State*, 35 S.W.3d 67, 73-74 (Tex. App.—Texarkana 2000, pet. ref'd).

[9] *Id.*

[10] TEX. CODE CRIM. PROC. art. 38.072, § 2 (b)(1)(A-C).

[11] *Lopez v. State*, 315 S.W.3d 90, 99 (Tex. App.—Houston [1st Dist.] 2010, pet. filed).

testimony about the truthfulness of another witness, without prior impeachment, is inadmissible[12] as it does more than "assist the trier of fact to understand the evidence or to determine a fact in issue."[13] The court of appeals found that, because there was no reasonable strategy for not opposing the admission of the opinion testimony about complainant's credibility,[14] the sole issue at trial, trial counsel's failure to object to it fell below a reasonable standard of performance.[15]

The court of appeals then conducted a harm analysis and concluded that "the jury was exposed to a barrage of inadmissible testimony concerning B.R.'s credibility, when the sole issue at trial was her credibility. . . . We can only reasonably conclude that the testimony of B.R. was bolstered immeasurably by the inadmissible testimony . . . ."[16] The court of appeals concluded that appellant was prejudiced by the deficiency and had met his burden of proof under the *Strickland/Hernandez* standard.

### On Petition for Discretionary Review

The state filed a petition for discretionary review with this Court, arguing that the court of appeals erred in finding trial counsel's representation ineffective in the face of a silent record and without an explanation from trial counsel. The state argues that trial counsel's acts and omissions could have been based on tactical decisions: trial counsel may have strategically decided to allow all three witnesses to testify about B.R.'s statements in order to expose inconsistencies in her

---

[12] TEX. R. EVID. 608; *see* TEX. R. EVID. 701; *see also* TEX. R. EVID. 702.

[13] *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993).

[14] *Lopez*, 315 S.W.3d at 101.

[15] *Id.*

[16] *Id.* at 102.

outcries, thereby challenging her truthfulness and raising the claim that B.R.'s mother was the one who actually abused her.[17] The state maintains that trial counsel may have chosen not to request an article 38.072 hearing in order to limit the number of outcry witnesses because it would have been counter-productive to his strategy.

The state has presented several theories why trial counsel did not object to Officer Parrie's opinion testimony, including that counsel may have believed that it was already clear to the jury that Officer Parrie believed B.R., as he was the one who filed charges against appellant and counsel wanted to examine the basis for that belief. Or trial counsel could have been trying to emphasize that Officer Parrie never interviewed B.R. before forming his opinion and that his investigation consisted of comparing B.R.'s videotaped interview to the story she conveyed to other witnesses.

Finally, the state suggests that counsel may have believed that Claudia Mullin's testimony that B.R.'s "disclosure seemed very credible" was not the functional equivalent of saying that B.R. was a truthful person and was not objectionable under *Schutz*[18] and *Cohn*.[19] Or counsel could have decided not to object because Mullin's use of the word "seemed" was sufficiently qualifying and therefore not worth the extra attention that would be drawn to the testimony by objecting.[20] Finally,

---

[17] Specifically, the state argues that counsel exposed four major inconsistencies: (1) B.R. did not tell Toni Sika that appellant penetrated her despite having spoken to Sika for "several hours"; (2) B.R. told Toni Sika that appellant fondled her, touched her, and pulled her panties down, while she told Maria Benavides that appellant "tried" to penetrate her, and told Claudia Mullin that appellant, "[got] halfway in"; (3) that B.R. never informed Maria Benavides about appellant's abuse, even though B.R. was in constant communication with Benavides and complained about problems with her mother; and (4) Maria Benavides testified that B.R. wanted to come and live with Benavides, even after appellant moved out of the house.

[18] *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997).

[19] *Cohn v. State*, 849 S.W.2d 817, 818–819 (Tex. Crim. App. 1993).

[20] *See Alberts v. State*, 302 S.W.3d 495, 506 n.7 (Tex. App.—Texarkana 2009, no pet.)

counsel may not have objected so that the jury would not think that he was hiding something from them. The state urges this Court to find that, because there may have been any number of reasons why defense counsel did not object, the court of appeals erred in finding, from a silent record, that defense counsel's actions were deficient.

## Standard of Review

The court of appeals correctly cited the standard of review for a claim of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution, and section ten of Article 1 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a criminal prosecution.[21] The right to counsel requires more than the presence of a lawyer; it necessarily requires the right to effective assistance.[22] However, the right does not provide a right to errorless counsel,[23] but rather to objectively reasonable representation.[24]

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland*,[25] and adopted by Texas two years later in *Hernandez*.[26] Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense.[27] Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be

---

[21] U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10.

[22] *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Powell v. Alabama*, 287 U.S. 45, 57 (1932).

[23] *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

[24] *Strickland v. Washington,* 466 U.S. 668, 686 (1984).

[25] *Id.* at 687.

[26] *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

[27] *Strickland*, 466 U.S. at 689.

ineffective.[28]  In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms.  To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different.[29]

An appellate court must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance."[30]  In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation.[31]  "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence."[32]  When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined.[33]  In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight.[34]  While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may

---

[28] *Id.* at 687.

[29] *Id.*

[30] *Robertson,* 187 S.W.3d at 483 (citing *Strickland*, 466 U.S. at 689).

[31]  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[32] *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

[33] *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

[34] *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

satisfy the *Strickland* prongs on its own.[35]

In the rare case in which trial counsel's ineffectiveness is apparent from the record, an appellate court may address and dispose of the claim on direct appeal.[36] Allowing this disposition alleviates the unnecessary judicial redundancy and burden on the trial courts of holding additional hearings in writ applications when no additional evidence is necessary to the ultimate disposition of the case.[37] However, this is a difficult hurdle to overcome: the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning.[38]

This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus.[39] On direct appeal, the record is usually inadequately developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits

---

[35] *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992) (counsel's failure to request jury instruction on issue of necessity when appropriate was both deficient and prejudicial); *see Thompson*, 9 S.W.3d at 813 (stating that "while this Court has been hesitant to 'designate any error as per se ineffective assistance of counsel as a matter of law,' it is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance.").

[36] *Massaro v. United States*, 538 U.S. 500, 508 (2003); *Robinson v. State*, 16 S.W.3d 808, 813 (Tex. Crim. App. 2000).

[37] *Thompson,* 9 S.W.3d at 817 (Meyers, J., dissenting).

[38] *Strickland v. Washington*, 466 U.S. 686, 690 (1984); *Andrews v. State,* 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

[39] *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *see Nailor v. State*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004).

of such a serious allegation."[40]  Unlike other claims rejected on direct appeal, claims of ineffective assistance of counsel rejected due to lack of adequate information may be reconsidered on an application for a writ of habeas corpus.[41]

## Conclusion

The record is silent as to why trial counsel failed to object to the outcry-witness testimony. The record could have been supplemented through a hearing on a motion for new trial, but appellant did not produce additional information about trial counsel's reasons for allowing all three outcry witnesses to give similar testimony about the same events or for allowing opinion testimony about the credibility of the complainant, both without objection.  Appellant has thus failed to meet his burden under the first prong of *Strickland*, and the court of appeals erred in finding otherwise. Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong.

We reverse the judgment of the court of appeals and remand the cause to that court so that it may address appellant's remaining issues.

Delivered: June 15, 2011
Publish

---

[40] *Bone*, 77 S.W.3d at 833 (quoting *Thompson*, 9 S.W.3d at 813–814).

[41] *Compare Nailor*, 149 S.W.3d at 131, *with Ex parte Acosta*, 672 S.W.2d 470, 471–72 (Tex. Crim. App. 1984) (claims raised and rejected on direct appeal are generally not cognizable on habeas corpus).