NO. 07-12-00154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2013

WALTER LEE WILLIAMS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 64,695-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Walter Lee Williams, appeals his conviction for the offense of evading arrest with a vehicle[1] and subsequent sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 10 years. By one issue, appellant contends that he was denied effective assistance of counsel. Disagreeing with appellant, we will affirm.

---

[1] See TEX. PENAL CODE ANN. §§ 38.04(a), (b)(2)(A) (West Supp. 2012).

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to sustain his conviction; therefore, we will only address that portion of the record relevant to the issues raised.

Appellant was indicted for evading arrest with a motor vehicle on December 1, 2011. A jury trial was held on April 2nd and 3rd, 2012. When the case was called for trial on April 2, appellant's attorney announced he was not ready for trial, explaining to the trial court that, at a previous PNC[2] docket, trial counsel had signed a continuance with the State that was to have given appellant until April 12, 2012, to get out of jail and find his witnesses. The State did not disagree that the subject of a continuance was discussed; however, the trial court opined that no one asked for a continuance from the court and it denied the oral motion for continuance. The trial court did suggest that there would be no testimony taken that day and appellant could issue subpoenas overnight for witnesses. Finally, the trial court stated that, if witnesses could still not be found, it would address that issue at that time. The clerk's record reflects that a motion for continuance was filed with the office of the District Clerk on April 12, 2012. However, the motion, sworn affidavit with notary seal, and the trial court's order denying the motion are all dated April 2, 2012.

After the jury heard the evidence, appellant was convicted as charged in the indictment and sentenced to serve 10 years in the ID-TDCJ. Appellant appeals through

---

[2] The acronym PNC is not explained but is believed to stand for "plea negotiation conference."

one issue, contending that he received ineffective assistance of counsel. Appellant bases his issue on trial counsel's failure to file a written motion for continuance, which was indicative of trial counsel's failure to investigate the facts of the case. For the reasons explained below, we disagree with appellant's issue and will affirm the judgment of the trial court.

## Standard of Review

The United States Constitution's guarantee of the right to counsel encompasses the right to effective assistance of counsel. U.S. CONST. amend. VI; Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts apply the two-pronged test enunciated in Strickland, 466 U.S. at 687. See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986) (en banc). Judicial review of an ineffective assistance of counsel claim must be highly deferential, and there is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. An appellant claiming ineffective assistance of counsel bears the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. Lopez v. State, 343 S.W.3d 137, 142 (Tex.Crim.App. 2011). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. See id.

The "right to effective assistance of counsel merely ensures the right to reasonably effective [not perfect] assistance." Robertson v. State, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006) (quoting Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984) (en banc)).  This right does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight.  See Ingham, 679 S.W.2d at 509.  "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." Robertson, 187 S.W.3d at 483 (quoting McFarland v. State, 845 S.W.2d 824, 843 (Tex.Crim.App. 1992)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. Id. The Strickland Court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. Id. (citing Strickland, 466 U.S. at 690).

To that end, we are instructed that, in order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. Lopez, 343 S.W.3d at 142. The court further advises, "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." Id. at 143.

Analysis

In reviewing appellant's contention, we first note that appellant is in error in his allegation that trial counsel failed to file a written motion for continuance. As discussed above, a written motion was filed and overruled by the trial court. The problem comes from the dates attached to the filing of the motion with the District Clerk. The Clerk's filing stamp recites that the documents were filed on April 12, 2012, some nine days after the trial was completed. However, all of the documents reflect that they were signed on April 2, 2012, the first day of trial. These documents include the sworn affidavit signed before a notary public. If we accept April 2, 2012, as the date the motion was presented to the trial court, the underlying factual allegation of appellant's issue disappears. But we need not decide the issue on the basis of the anomaly between the signing date and the filing date. Rather, the record reflects that appellant has not met either of the prongs of the test for ineffective assistance of counsel. See Strickland, 466 U.S. at 687.

Specifically, the record reflects that there was no motion for new trial filed in this case. Accordingly, we have nothing in the record before us that explains either who these missing witnesses, appellant claims to have, are or to what these witnesses would have testified. This is the type of information that a reviewing court requires in order to make a determination regarding ineffective assistance of counsel. See id. We are instructed to view the actions of trial counsel with great deference. See Robertson, 187 S.W.3d at 483. Because we do so, the burden is upon appellant to prove both of the prongs of the Strickland test by a preponderance of the evidence. See Hernandez,

5

726 S.W.2d at 55. This appellant has failed to do. Accordingly, we overrule appellant's issue.

## Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.