**Affirm and Opinion Filed October 14, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01066-CR

### EX PARTE ALEJANDRO TOVAR

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX13-90004-M**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Alejandro Tovar pleaded guilty to possession of a controlled substance. On November 9, 2007, in accordance with a plea agreement, the trial court deferred adjudication of guilt and placed appellant on two years' community supervision. On January 23, 2013, appellant filed an article 11.072 application for writ of habeas corpus challenging the voluntariness of his plea. The trial court denied appellant the relief sought and this appeal followed. Appellant, who is representing himself, did not file a brief. Therefore, we will review the trial court's ruling based on the issues presented in the habeas corpus application. *See* TEX. R. APP. P. 31.1. We affirm the trial court's order.

### Applicable Law

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex*

*parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The appellant must show both that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See id.* at 142. In the context of a guilty plea, to demonstrate prejudice the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

In *Padilla v. Kentucky*, the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires defense attorneys to inform non-citizen clients of the deportation risks of guilty pleas. *Chaidez v. United States*, 133 S. C t. 1103, 1105 (2013); *Padilla*, 559 U.S. 356, 376 (2010). However, in *Chaidez*, the Court held that *Padilla* did not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Chaidez*, 133 S. Ct. at 1113. The Texas Court of Criminal Appeals adhered to the retroactivity analysis in *Chaidez* as a matter of state habeas corpus law, and held

that *Padilla* does not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

**Analysis**

In his habeas corpus application appellant raised the following claims of ineffective assistance of counsel: (1) he was not informed the consequences of a conviction or receiving community supervision for the offense of possession of a controlled substance would result in deportation; (2) trial counsel did not investigate defenses to the accusations that would have resulted in acquittal; (3) trial counsel misinformed appellant that appellant could only sign the plea documents without question and to answer "yes" to all of the judge's questions during the plea; (4) appellant's Fifth Amendment privilege against self-incrimination was waived without his knowledge or consent in that he was coerced to confess to the allegations because trial counsel told him he must sign the judicial confession and orally admit guilt if he did not want to go to jail.

Appellant received deferred adjudication community supervision on November 9, 2007. He did not appeal the deferred adjudication order, so he was not eligible to file a petition for writ of certiorari. *See Ex parte De Los Reyes*, 392 S.W.3d at 676 (citing Sup. Ct. R. 13 (allowing for petition for writ of certiorari if defendant is appealing refusal of state court of last resort to hear his case or is affirming conviction)). Therefore, his conviction[1] became final on December 28, 2007, the day after the last day appellant could have filed his notice of appeal.[2] *See Ex parte De Los Reyes*, 392 S.W.3d at 676. Because appellant's conviction was final before *Padilla* issued in 2010, appellant may not benefit from *Padilla*'s holding. *See Chaidez*, 133 S. Ct. at 1113; *Ex*

---

[1] The deferred adjudication order in this case is considered a conviction. *See* 8 U.S.C.A. § 1101(a)(48)(A) (West 2005).

[2] Appellant's notice of appeal was due by Monday, December 10, 2007. *See* Tex. R. App. P. 4.1(a), 26.2(a)(1). To obtain the benefit of the fifteen-day extension of time, appellant's notice of appeal and an extension motion had to be filed by December 27, 2007. *See* Tex. R. App. P. 4.1(a), 26.3.

*parte De Los Reyes*, 392 S.W.3d at 679. Therefore, we conclude the trial court did not abuse its discretion in denying appellant habeas corpus relief on his claim regarding deportation admonishments.

As to his claims that trial counsel did not investigate defenses to the accusations that would have resulted in acquittal and that counsel misinformed him about how to answer the trial judge's questions and coerced him into waiving his rights in the plea proceedings, appellant's trial counsel submitted an affidavit responding to the allegations. Counsel responded that appellant asked counsel to represent him on this case. Appellant informed counsel that appellant did not want to challenge the case and hired counsel to "represent him only in connection with a plea to the subject charges." The trial court found that: (1) appellant was represented by an "attorney who exercised all of the skill and expertise that one could reasonably expect from an attorney"; and (2) as stated in the plea agreement, which was included as Exhibit A, that the "waivers, agreements, and plea" were "knowingly, freely, and voluntarily" made by appellant.

The trial court resolved the conflict between appellant's allegations and counsel's response against appellant, and we defer to the trial court's resolution of that conflict. *See Ex parte Peterson*, 117 S.W.3d at 819. Having reviewed the record before the Court, we conclude the trial court did not abuse its discretion in denying appellant habeas corpus relief on these grounds.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

/Lana Myers/

LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131066F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ALEJANDRO TOVAR

No. 05-13-01066-CR

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX13-90004-M.
Opinion delivered by Justice Myers,
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

Judgment entered this 14th day of October, 2013.

/Lana Myers/
LANA MYERS
JUSTICE