**Affirm and Opinion Filed October 16, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00856-CR

## EX PARTE ALEJANDRO TOVAR

**On Appeal from the County Criminal Court No. 11**
**Dallas County, Texas**
**Trial Court Cause No. MC13-A1095**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Alejandro Tovar pleaded no contest to assault involving family violence. On March 13, 2008, the trial court found appellant guilty, sentenced him to confinement in jail for 150 days, probated that for twelve months, and assessed a $400 fine. On June 24, 2009, the trial court extended appellant's supervision by twelve months. Appellant was discharged from supervision in 2010. On January 28, 2013, appellant filed an article 11.072 application for writ of habeas corpus challenging the voluntariness of his plea. The trial court denied appellant the relief sought and this appeal followed. Appellant, who is representing himself, did not file a brief. Therefore, we will review the trial court's ruling based on the issues presented in the habeas corpus application. *See* TEX. R. APP. P. 31.1. We affirm the trial court's order.

At the hearing on appellant's application for writ of habeas corpus, appellant testified he was represented by Bruce Mantyla during the plea proceeding. Appellant did not "realize" the offense was a deportable offense, and he is currently in "removal" status. Appellant testified his

attorney asked if appellant wanted to plead guilty or not guilty, and appellant responded he did not want to "plead either." Therefore, appellant circled "nolo contendere" on the form and he was told he would get "some more time added" to his probation. Appellant testified his attorney did not tell him that by pleading not guilty, he would ask for a trial. Appellant testified he did not know he was giving up his right to contest the charge against him. Appellant further testified that he received some papers, but did not have a chance to read them because "everybody was in a hurry that day." Appellant was discharged from supervision in 2010.

Appellant's trial counsel Bruce Mantyla testified that he has practiced criminal law in Texas for sixteen years. He did not personally remember appellant's case, but reviewed the file and testified as to his standard procedure for handling cases. Counsel testified he would go over the information and probable cause affidavit with a client. If the defendant did not understand English, counsel would translate for them. Counsel would explain the punishment range and the defendant's options. Additionally, counsel would relay any information he had from the district attorney regarding a sentencing recommendation. Counsel further stated that he and appellant discussed whether appellant was in the United States legally and he discussed both probation and immigration consequences with appellant. At the conclusion of the hearing, the trial court denied appellant relief.

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id*. In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and

–2–

demeanor. *Id.* We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The appellant must show both that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See id.* at 142. In the context of a guilty plea, to demonstrate prejudice the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

In *Padilla v. Kentucky*, the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires defense attorneys to inform non-citizen clients of the deportation risks of guilty pleas. *Chaidez v. United States*, 133 S. C t. 1103, 1105 (2013); *Padilla*, 559 U.S. 356, 374 (2010). However, in *Chaidez*, the Court held that *Padilla* did not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Chaidez*, 133 S. Ct. at 1113. The Texas Court of Criminal Appeals adhered to the retroactivity analysis in *Chaidez* as a matter of state habeas corpus law, and held that *Padilla* does not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

In his habeas corpus application appellant raised the following claims of ineffective assistance of counsel: (1) he was not informed the consequences of a conviction or receiving

community supervision for the offense of assault involving family violence would result in deportation; (2) trial counsel did not investigate defenses to the accusations that would have resulted in acquittal; (3) trial counsel misinformed appellant that appellant could only sign the plea documents without question and to answer "yes" to all of the judge's questions during the plea; (4) appellant's Fifth Amendment privilege against self-incrimination was waived without his knowledge or consent in that he was coerced to confess to the allegations because trial counsel told him he must sign the judicial confession and orally admit guilt if he did not want to go to jail.

Appellant received community supervision on March 13, 2008. He did not appeal at that time, so he was not eligible to file a petition for writ of certiorari. *See Ex parte De Los Reyes*, 392 S.W.3d at 676 (citing SUP. CT. R. 13 (allowing for petition for writ of certiorari if defendant is appealing refusal of state court of last resort to hear his case or is affirming conviction)). Therefore, his conviction became final on April 30, 2008, the day after the last day appellant could have filed his notice of appeal.[1] *See Ex parte De Los Reyes*, 392 S.W.3d at 676. Because appellant's conviction was final before *Padilla* issued in 2010, appellant may not benefit from *Padilla*'s holding. *See Chaidez*, 133 S. Ct. at 1113; *Ex parte De Los Reyes*, 392 S.W.3d at 679. Therefore, we conclude the trial court did not abuse its discretion in denying appellant habeas corpus relief on his claim regarding deportation admonishments.

As to his claims that trial counsel did not investigate defenses to the accusations that would have resulted in acquittal and that counsel misinformed him about how to answer the trial judge's questions and coerced him into waiving his rights in the plea proceedings, appellant presented no evidence to support those claims. Although appellant testified that the hearing was

---

[1] Appellant's notice of appeal was due by Monday, April 14, 2008. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). To obtain the benefit of the fifteen-day extension of time, appellant's notice of appeal and an extension motion had to be filed by April 29, 2008. *See* TEX. R. APP. P. 4.1(a), 26.3.

rushed, he did not have a chance to read all of the paperwork, and he was not aware that if he pleaded not guilty he would have a trial, his primary focus at the hearing was on the deportation consequences issue. Counsel testified his procedure was to review the information and probable cause affidavit with a defendant, and the record contains documents to that effect.

The trial court resolved the conflicts in the evidence against appellant, and we defer to the trial court's resolution of the conflicts. *See Ex parte Peterson*, 117 S.W.3d at 819. Having reviewed the record before the Court, we conclude the trial court did not abuse its discretion in denying appellant habeas corpus relief on these grounds.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130856F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ALEJANDRO TOVAR

No. 05-13-00856-CR

On Appeal from the County Criminal Court
No. 11, Dallas County, Texas
Trial Court Cause No. MC13-A1095.
Opinion delivered by Justice Francis,
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

Judgment entered October 16, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE