**Affirmed and Opinion Filed December 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01291-CR

## EX PARTE TONY YUAN LI

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-80397-2013**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Tony Yuan Li appeals the trial court's order denying him the relief sought by his article 11.072 application for writ of habeas corpus. In a single issue, appellant contends he received ineffective assistance of counsel at trial. We affirm the trial court's order.

On September 5, 2013, appellant pleaded guilty to misdemeanor assault involving family violence. Following a plea agreement, the trial court sentenced appellant to confinement in jail for 180 days, probated for eighteen months, and a $400 fine. The trial court certified that appellant did not have the right to appeal at that time. On August 6, 2014, appellant filed an article 11.072 application for writ of habeas corpus asserting he received ineffective assistance of counsel due to counsel's conflict of interest. Appellant alleged counsel met with the complainant, appellant's wife, at the same time he met with appellant; counsel encouraged the

complainant to make herself unavailable to receive legal summons; and counsel urged the complainant to visit family in China. On August 28, 2014, the trial court held an evidentiary hearing on the application for writ of habeas corpus.

During the hearing, Paul Key testified he represented appellant in the underlying criminal proceeding. Key had been practicing law since 1996, including serving three years as a prosecutor in the Collin County District Attorney's Office. Key handled at least a hundred assault/family violence cases in his private practice. Key routinely meets with a client, goes over the details of their case, reviews discovery, interviews the complainant, and advises the client on a course of action. Key believed an effective attorney should talk to the complaining witness.

Key's initial contact with appellant was by telephone and he was hired after appellant bonded out of jail. Key recalled talking with the complainant on one occasion when she came with appellant to Key's office. Key said he never gave the complainant legal advice or told her not to testify at trial, and never discussed appellant's side of the story in front of her. When the complainant came to Key's office with appellant, she stated she did not want to attend the trial and planned to move back to China. Key "most likely" told her that if she testified, appellant would be found guilty, and if she did not testify, the State might have a hard time proving their case. Key told her if she went to China, it would be unlikely the State would subpoena her. As a matter of practice, Key always tells witnesses that if they are subpoenaed, they must go to the trial and must tell the truth, and, if they are not subpoenaed, they do not have to go to the trial. Key testified he told the complainant that even if she did not testify, the State might still be able to win based upon some admissions appellant made to the police. Key denied encouraging the complainant to leave the country or doing or saying anything to cause her to be unavailable at

trial. He never advised the complainant not to take telephone calls from the district attorney's office but told her she did not have to talk to anyone if she did not want to talk to them.

About one month after being hired, appellant told Key he had had a "diabetic episode" and did not remember the assault. As part of investigating the case, Key received discovery from the prosecutor's office which included a police report, photographs of the complainant's injuries, written statements, and an audio recording between appellant and a police officer. Appellant never mentioned having a diabetic episode at the time of the assault. After reviewing these materials, Key met with appellant and discussed them.

Because of earlier comments made by the complainant, Key believed she did not intend to be at the trial but learned from the prosecutor that she would be testifying at trial, and that the State had a recorded message from appellant to the complainant. Key began plea negotiations with the prosecutor. Key advised appellant to accept a plea offer rather than spend more money going to trial and possibly getting a worse result. Appellant considered the plea offer and stated he wanted to talk to his father before agreeing to it. Key said his trial strategy was "always pretty simple and clear," and he believed if the complainant testified at trial, and photographs of her bruise and appellant's statements to police were admitted, appellant would not win this case.

Appellant testified he told Key about his medical condition during their first meeting, stating he had Type I diabetes and did not recall what happened on the date of the offense. Key met with the complainant on two occasions. According to appellant, Key advised the complainant that if the district attorney's office called her, "just let it go to voicemail" and wait until the end of the day to return the call and leave a voicemail "so the D.A. will think she's cooperating with him." Key told her to avoid a subpoena or she would have to show up at trial. As to how to avoid a subpoena, Key said she should travel to China. Appellant said Key's

-3-

original strategy was to have the complainant avoid being subpoenaed and not show up for trial and she was present when Key relayed that strategy to him. During cross-examination, appellant testified he chose to plead guilty only because Key told him that if they went to trial ten times, they would only win once. Appellant further testified Key gave him his opinion of the case and based on Key's opinion, appellant made the choice to sign the plea bargain papers.

At the conclusion of the hearing, the trial court denied the relief sought by the application for writ of habeas corpus. On October 8, 2014, the trial court issued written findings of fact and conclusions of law finding Key to be "forthright and credible," counsel testimony was "consistent with the record and the Court's own experience and knowledge," and that "applicant's account conflicts with the other evidence before this Court and is not credible."

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id*. In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id*. We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id*. If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id*.

To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Texas

Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The appellant must show both that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See id*. In the context of a guilty plea, to demonstrate prejudice, the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

With claims of ineffective assistance of counsel due to a conflict of interest, a defendant must show that trial counsel had an actual conflict of interest and the conflict actually colored counsel's actions during trial. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Acosta v. State*, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007). "An actual conflict exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client." *Acosta*, 233 S.W.3d at 355 (citing *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997)).

Appellant says Key's conflict was between protecting himself from potential liability or protecting appellant's interests. Key engaged in witness tampering, evidenced by Key's having (1) discussed the best course of action to take in appellant's case with the complainant present at those meetings on two occasions, (2) suggested the complainant hide from the State, and (3) encouraged the complainant to return to China to visit family for the duration of the investigation and trial. The State responds Key was not ineffective under *Cuyler* because there was no conflict of interest.

Conflicting evidence was presented to the trial court on the issue of what Key told the complainant. The trial court, as finder of fact, resolved the conflict against appellant. We

conclude the trial court did not abuse its discretion in finding appellant did not show Key had an actual conflict. *See id.*

Appellant also contends Key rendered ineffective assistance because Key failed to investigate appellant's medical history, did not obtain sworn statements from witnesses, and insisted appellant enter a guilty plea. But for Key's errors, appellant would not have pleaded guilty. The State responds counsel was not ineffective, investigated the case and provided accurate advice to appellant. Key investigated appellant's case and advised him to accept the plea offer in light of the evidence against him. When Key advised appellant about the plea offer, appellant stated he wanted to talk with his father before accepting it. Key said appellant did not mention the diabetic episode to the police.

Having reviewed the record under the appropriate standard, we conclude appellant has not shown that counsel's performance was deficient. *See Ex Parte Imoudu*, 284 S.W.3d at 869; *Jimenez v. State*, 240 S.W.3d 384, 416 (Tex. App.–Austin 2007, pet. ref'd). Therefore, we conclude the trial court did not abuse its discretion in denying the relief sought by the application for writ of habeas corpus. *See Ex parte Peterson*, 117 S.W.3d at 819. We overrule appellant's issues.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.


Do Not Publish
TEX. R. APP. P. 47
141291F.U05

    /Molly Francis/
    MOLLY FRANCIS
    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE TONY YUAN LI

No. 05-14-01291-CR

Appeal from the County Court at Law
No. 5 of Collin County, Texas (Tr.Ct.No.
005-80397-2013).
Opinion delivered by Justice Francis,
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **AFFIRMED**.

Judgment entered December 22, 2014.