**Opinion filed November 10, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00303-CR
_____

## JOEL MARIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR42371**

### M E M O R A N D U M   O P I N I O N

The jury convicted Joel Marin of burglary of a habitation with intent to commit assault. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). Appellant pleaded true to one enhancement paragraph, and the trial court assessed his punishment at confinement for fifteen years. Appellant presents one issue on appeal. We affirm.

On the night of October 1, 2013, Appellant and Andy Castro went to the apartment of Victoria Estrada, Jose "Junior" Zepeda, and Becky Rios, two of which were Castro's former coworkers. Estrada was outside when Appellant and Castro walked up. Appellant knocked on the door while Castro stood around the corner waiting for the door to open. Estrada thought that Castro had a black gun in his hand, and she called 9-1-1.

Priscilla Gallo answered the door. Appellant asked for "Junior." Jackie Rios, Becky's sister, then went to the door, and Appellant identified himself as "Joker." Becky came to the door and told Appellant that they did not know anyone named Joker. They attempted to close the door, but Appellant put his foot on the bottom corner of the door to prevent the door from closing. Appellant and Castro then pushed the door open. Once inside, Castro hit Zepeda several times with his fist and a cell phone. Gallo testified that, when she announced that she was calling the police, Appellant said, "Let's go," to Castro in Spanish.

However, Appellant testified that Castro asked him to go to Zepeda's apartment but that Castro did not give him a reason why he wanted to go there. Appellant contended that Castro rang the doorbell and that, when Becky opened the door, Castro shoved her head to one side, pushed past her, and went straight to Zepeda. Appellant claimed that he did not enter the apartment. Appellant testified that he told Castro to leave Zepeda alone and that he decided to leave when someone said they were calling the police.

In a single issue, Appellant claims that he was denied effective assistance of counsel because his trial counsel failed to request an instruction on the lesser included offense of criminal trespass. To prevail on a claim of ineffective assistance of counsel, Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense—that is, but for the deficiency, there is a reasonable probability that the

2

result of the proceeding would have been different. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

Even if we were to hold that counsel's conduct fell below an objective standard of reasonableness, which we do not, Appellant has failed to show that, but for counsel's deficient performance, the result of the trial would have been different. Appellant fails to cite to anything in the record or to any authority that would suggest that the result would have been different if the lesser included instruction on criminal trespass had been presented to the jury. *See* TEX. R. APP. P. 38.1. Furthermore, Appellant's brief does not contain a single record reference in the entire brief. In the "summary of argument" portion of his brief, Appellant appears to make additional claims, but those claims appear at no other place in his brief. Rule 38.1 of the Texas Rules of Appellate Procedure provides that the facts stated must be supported by record references. TEX. R. APP. P. 38.1(g).

Therefore, as a result of inadequate briefing, Appellant has waived his complaint that either prong of *Strickland* has been met; he has also waived any claims that he references only in the "summary of argument" and fails to later support with argument, record citations, or citations to authority. *See Lawton v.*

*State*, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995) (point of error overruled for failure to refer the appellate court to the specific pages in the record where the alleged error occurred). Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


November 10, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.