# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00215-CR

**Jennifer Zapalac, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NO. 16373, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jennifer Zapalac pleaded guilty to the second-degree felony offense of manslaughter. *See* Tex. Penal Code § 19.04. The district court deferred adjudication of guilt and placed Zapalac on community supervision for ten years. The State later moved to adjudicate guilt, alleging that Zapalac had violated the terms and conditions of her community supervision. Following a hearing on the motion to adjudicate, the district court revoked Zapalac's community supervision, signed a judgment adjudicating her guilt, and assessed punishment at twenty years' confinement. In two issues, Zapalac contends that she was denied effective assistance of counsel. We affirm.

## Background

The underlying facts and procedural posture are not disputed. In September 2015, Zapalac drove off the roadway and collided with a tree, resulting in the death of her seven-year-old

daughter Victoria. In connection with that incident, Zapalac pleaded guilty to manslaughter, a second-degree felony, *see id.*, and the district court sentenced her to ten years' deferred adjudication, 120 hours of community service, and a $1,250 fine. The conditions of Zapalac's community supervision included, among other requirements, that she avoid the use of alcohol and illegal substances and that she meet with a psychotherapist for two years.

The State later moved to adjudicate guilt, alleging that Zapalac had used alcohol in violation of the terms of her community supervision. Zapalac pleaded true to the allegations in the State's motion to adjudicate. At the adjudication hearing, the district court ordered a pre-sentencing investigation, including a mental-health evaluation that defense counsel had requested. Zapalac's psychotherapist, Janice Moore, performed the mental-health evaluation.

At the punishment hearing, the State offered testimony from Zapalac's probation officer and from an investigator from the Bastrop district attorney's office. Zapalac's only witness was her mother. Near the end of the punishment proceedings, the district court confirmed, upon defense counsel's request, that it had received and reviewed Zapalac's mental-health evaluation, which was attached to the pre-sentence investigation report. Defense counsel suggested that it would be helpful for the district court to have Moore, the author of the mental-health evaluation, testify, but that counsel would need a recess to arrange for such testimony because counsel had no previous contact with Moore. The district court denied the request for a recess, and both sides rested.

During closing arguments, defense counsel referenced the mental-health evaluation as support for Zapalac's assertion that she was suffering from mental-health issues when she violated the terms of her community supervision. The State's attorney, on the other hand, criticized Zapalac

for not producing as witnesses any of the mental-health providers that she alleged had been providing treatment to her. After taking a short recess to consider the evidence, the district court sentenced Zapalac to twenty years' confinement in the Texas Department of Criminal Justice – Institutional Division. This appeal followed.

**Discussion**

In two closely related issues, Zapalac asserts that she was denied effective assistance of counsel because, with regard to mitigating punishment, her counsel failed to (1) present any expert mental-health testimony and (2) to interview and subpoena Zapalac's psychotherapist, Janice Moore, as a mental-health witness.

We review a claim of ineffective assistance of counsel under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Zapalac must first establish that counsel's performance was deficient. *Id*. This requires showing that her trial counsel made errors so serious that counsel was not functioning as the "counsel" the Sixth Amendment guarantees. *Id*. Second, Zapalac must show that the deficient performance prejudiced the defense. *Id*. This requires showing that her trial counsel's errors were so serious as to deprive the defendant of a fair trial. *Id*.

Zapalac has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To defeat the strong presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

Here, Zapalac urges that it was necessary for her trial counsel to offer mental-health evidence from experts or Moore to mitigate or explain why someone in her situation—i.e., stricken with guilt, grief, and remorse from the death of her daughter by her own hands—would have violated her probation terms by consuming alcohol. Only an expert, Zapalac contends, could provide the court with a coherent explanation for why such a person "would have felt compelled to self-medicate" in spite of the legal ramifications of doing so. Relatedly, Zapalac contends that only a mental-health expert could offer the district court viable treatment options for rehabilitating her, an otherwise "contributing and well-respected member of the community with no prior convictions." Her trial counsel's failure to do so, Zapalac contends, was "well outside the range of professionally competent assistance."

The record before us contains no evidence of the strategy behind trial counsel's actions or omissions. Although Zapalac filed a motion for new trial, the motion did not allege that her counsel was ineffective in representing her in the adjudication proceeding. Because Zapalac did not obtain a hearing on the motion for new trial, there was no opportunity to develop the record to include information regarding counsel's strategy at trial. To satisfy the first prong of *Strickland* on a silent record, it must be apparent "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). This is not such a case. There are plausible reasons for not having offered the evidence at issue here. For example, there was already a mental-health evaluation by Zapalac's psychotherapist, favorable to Zapalac, that the trial court acknowledged reviewing.

4

Further, as the State notes, Zapalac's trial counsel could have wanted to avoid giving the State the opportunity to cross examine Moore, or another mental-health expert, regarding Zapalac's mental health when the district court already had before it Moore's favorable written evaluation. Accordingly, Zapalac has failed to show that her trial counsel's performance was deficient.

Failure of an appellant to satisfy the first prong of the *Strickland* test negates our need to consider the second. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). However, we also note that, even if Zapalac could establish the first prong of the *Strickland* test, she has not shown that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687. In order to demonstrate that the defense was prejudiced, an appellant must show that the deficient conduct more likely than not altered the outcome in a case. *Id.* at 693. This record does not support such a showing.

On this record, therefore, we conclude that Zapalac has failed to prove her claim of ineffective assistance of counsel under *Strickland*, and we overrule her first and second issues.

**Conclusion**

Having overruled Zapalac's appellate issues, we affirm the district court's judgment.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: August 8, 2018

Do Not Publish