**Affirm and Opinion Filed November 1, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00830-CR

### EX PARTE JOSE AMAYA

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. WX11-90031-R

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

Jose Amaya appeals the trial court's order denying him the relief sought by his article 11.072 application for writ of habeas corpus. In three issues, appellant contends the trial court abused its discretion in finding that appellant did not receive ineffective assistance of counsel. We affirm the trial court's order.

### Background

Appellant pleaded guilty to aggravated assault with a deadly weapon. In accordance with a plea agreement, the trial court deferred adjudicating appellant's guilt, placed appellant on six years' community supervision, and assessed a $1,500 fine. Appellant did not appeal at that time. The State filed a motion to proceed with adjudication of guilt in 2008; however, appellant had already been deported to El Salvador in 2007.

In 2011, appellant filed an article 11.072 application for writ of habeas corpus contending his guilty plea was involuntary due to ineffective assistance of counsel. Appellant's trial

attorney James Millan filed an affidavit in response to the application. In the affidavit, Millan stated he was not able to speak with the complaining witness Carolina Castro, but he did speak with her father Rodolfo Melgar by telephone. Melgar told Millan that appellant was "swinging the machete around in a dangerous manner." Melgar also told Millan that Castro did not wish to testify, but would do so if ordered by a court. Melgar refused to give Millan Castro's contact information. The affidavit further stated that based on the information, Millan believed "the State could prove that a reasonable person could have been in imminent fear of serious bodily injury under the circumstances." Millan did not believe it would be a wise course of action to simply "'roll the dice' under the illusive hope that" Castro would not testify and would not confirm what she had initially told the police. Millan's affidavit also stated that he is fluent in Spanish and he is familiar with the law regarding aggravated assault with a deadly weapon. Millan's affidavit stated he is certain he told appellant how the facts of his case could meet the elements of the aggravated assault offense in section 22.02 of the Texas Penal Code, and that a jury could reasonably find appellant's conduct was reckless and clearly dangerous.

At the hearing on appellant's application for writ of habeas corpus, Millan was the sole witness. Millan testified he has been licensed to practice law since 2001 and he represented appellant in 2003. Millan testified that no examining trial was conducted in the case. He did not recall whether he had been retained before or after the indictment was returned. The intake of appellant's case was handled by another attorney in Millan's firm. Millan did not maintain the files after he moved to San Antonio in 2006 and, as far as he knows, the file no longer exists.

Millan testified that appellant pleaded either guilty or nolo contendere pursuant to a plea bargain agreement. The case had been set for a jury trial, and the plea agreement was entered on the day of trial. Millan recalled that he had announced ready on the first trial setting, but the

State was not ready because it had not secured their witness. The State asked the trial court to reset the case, which the court granted.

Millan did not ask the State to make Castro available to him to interview, nor did he hire an investigator to look for Castro. Millan did not speak with any other witnesses. He did go to the apartment complex where the incident occurred, but was unable to contact any of the witnesses.

Millan testified that appellant said he was very intoxicated and did not really remember what had happened. Based on his conversations with appellant, Millan believed the incident was a "spur of the moment type thing." People at the party were making fun of him, and appellant left the party, returned a few minutes later with a machete and confronted those who had been making fun of him.

Millan testified he believed appellant was a permanent legal resident of the United States at the time of the offense. Millan testified he explained to appellant that there would be no difference in the immigration consequences of his plea based on deferred adjudication or a conviction. Millan also testified that he discussed with appellant taking the case to trial and the possible outcomes of that. Millan testified that appellant was very concerned about pleading guilty and his immigration status. Millan did not recall discussing with appellant the results of going to trial and losing and the impact of an appeal on his immigration status.

Millan testified that his statement in his affidavit that he believed the State could prove reckless conduct was a "misstatement" on his part. Millan believed a jury could very easily have found Castro was in imminent fear of bodily injury and that a deadly weapon was involved. Millan also testified that he spoke with appellant in Spanish, appellant understood him, Millan was prepared to take the case to trial, and it was his opinion appellant voluntarily pleaded guilty.

The record of the underlying case was admitted into evidence at the habeas corpus hearing. The trial court denied appellant the relief he sought by written order.

## Applicable Law

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id*. In conducting our review, we afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The appellant must show both that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See id.* at 142. In the context of a guilty plea, to demonstrate prejudice the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

–4–

In *Padilla v. Kentucky*, the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires defense attorneys to inform non-citizen clients of the deportation risks of guilty pleas. *Chaidez v. United States*, 133 S. C t. 1103, 1105 (2013); *Padilla*, 559 U.S. 356, 374 (2010). However, in *Chaidez*, the Court held that *Padilla* did not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Chaidez*, 133 S. Ct. at 1113. The Texas Court of Criminal Appeals adhered to the retroactivity analysis in *Chaidez* as a matter of state habeas corpus law, and held that *Padilla* does not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

## Analysis

In his third issue, appellant contends the trial court abused its discretion in finding trial counsel adequately advised appellant of the immigration consequences of his guilty plea to aggravated assault with a deadly weapon. The State responds that *Padilla* does not retroactively apply to appellant's claim. We agree with the State.

Appellant received deferred adjudication community supervision on November 3, 2003. He did not appeal the deferred adjudication order, so he was not eligible to file a petition for writ of certiorari. *See Ex parte De Los Reyes*, 392 S.W.3d at 676 (citing SUP. CT. R. 13 (allowing for petition for writ of certiorari if defendant is appealing refusal of state court of last resort to hear his case or is affirming conviction)). Therefore, his conviction[1] became final on December 19, 2003, the day after the last day appellant could have filed his notice of appeal.[2] *See Ex parte De Los Reyes*, 392 S.W.3d at 676. Because appellant's conviction was final before *Padilla* issued in 2010, appellant may not benefit from *Padilla*'s holding. *See Chaidez*, 133 S. Ct. at 1113; *Ex*

---

[1] The deferred adjudication order in this case is considered a conviction. *See* 8 U.S.C.A. § 1101(a)(48)(A) (West 2005).

[2] Appellant's notice of appeal was due by December 3, 2013. *See* TEX. R. APP. P. 26.2(a)(1). To obtain the benefit of the fifteen-day extension of time, appellant's notice of appeal and an extension motion had to be filed by December 18, 2003. *See* TEX. R. APP. P. 26.3.

*parte De Los Reyes*, 392 S.W.3d at 679.  Therefore, we conclude the trial court did not abuse its discretion in denying appellant habeas corpus relief on his claim that counsel did not adequately inform him of the immigration consequences of his plea.  We overrule appellant's third issue.

In his first issue, appellant contends trial counsel did not adequately investigate the facts of the case.  In his second issue, appellant contends trial counsel did not adequately advise him of the law as it applied to the facts of his case.

As to his first issue, appellant asserts that trial counsel did not conduct an appropriate investigation and "did not even attempt to interview" Castro, other than asking Castro's father for her address.  Appellant further states that trial counsel knew Castro did not want to testify and the State was not ready at the first trial setting because it had not secured the witness.  Finally, trial counsel did not take any steps to secure Castro's statement and evaluate appellant's defenses and likelihood of success at trial.   As to his second issue, appellant contends trial counsel improperly advised appellant of the law regarding the aggravated assault case, as evidenced by counsel's affidavit that "it was a concern as to the reckless element that led [counsel] to advise [appellant] that this was case we could potentially lose if and when [Castro] came to testify."  Because appellant was not charged with causing bodily injury, the reckless standard did not apply and this was an incorrect statement of the law.  Moreover, appellant asserts, trial counsel's testimony at the evidentiary hearing that his concern that appellant would be found guilty of reckless conduct was a misstatement on his part was simply not credible.

The State responds that the record shows trial counsel did an adequate pretrial investigation into the facts of the case.  Appellant's assertion that Castro would have testified to facts that would show no aggravated assault occurred was based on unsworn hearsay statements made to an investigator five years after appellant pleaded guilty.  Further, neither the investigator nor Castro testified at the habeas corpus hearing.  Moreover, as to appellant's claim that trial

counsel incorrectly stated the law, counsel testified at the habeas corpus hearing that his inclusion of "reckless" in the affidavit was a misstatement and he believed at the time of trial and the habeas corpus hearing that the State's evidence would support a finding of guilt of the aggravated assault as alleged in the indictment. The State further asserts the trial court's finding against appellant on that issue was within the court's discretion.

The trial court, as the fact finder, resolved the conflicts in the evidence against appellant. Having reviewed the record, we conclude the trial court did not abuse its discretion in finding appellant received effective assistance of counsel. We overrule appellant's second and third issues.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130830F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOSE AMAYA

No. 05-13-00830-CR

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX11-90031-R.
Opinion delivered by Justice Bridges,
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

Judgment entered November 1, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE