

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00359-CR

**VICTOR ESPINOZA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2011-2277-C1

_____

## MEMORANDUM  OPINION

_____

Victor Espinoza was indicted on one count of aggravated sexual assault of a child and one count of indecency with a child.  The jury convicted Espinoza on both counts and assessed his punishment at confinement for life and a $10,000 fine for the aggravated sexual assault of a child conviction and twenty years confinement and a $10,000 fine for the indecency with a child conviction.  We affirm.

## Background Facts

M.S. is the step-granddaughter of Espinoza. She testified at trial that one night while at her grandmother's house, she rode with Espinoza to the store. M.S. stated that on the way back from the store Espinoza stopped his truck and put her on his lap. Espinoza kissed M.S. and told her that was a "regular kiss." Espinoza then kissed M.S. again and had his tongue in her mouth, and he told her that was a "French kiss." M.S. testified that Espinoza rubbed her back and bottom on the outside of her clothes, and then he moved his hand to the "front" and went inside of her shorts and rubbed the outside of her underwear. M.S. testified that Espinoza then put his hand inside of her underwear and tried "to push at the hole where I pee." Afterwards, Espinoza gave her two dollars and told her not to tell anyone. M.S. did not tell anyone about the offense for several years.

## Ineffective Assistance of Counsel

In his sole issue on appeal, Espinoza argues that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In order to satisfy the first prong, appellant must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation. *Id*. "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez v. State*, 343 S.W.2d at 142-3. When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez v. State*, 343 S.W.2d at 143. In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Id*.

Espinoza specifically complains that his trial counsel was ineffective in failing to object to expert and lay testimony that M.S. was truthful. An expert witness may testify

if her scientific, technical, or other specialized knowledge will assist the jury in determining a fact issue. TEX. R. EVID. 702. However, an expert witness' testimony must aid the jury and not supplant its determination. TEX. R. EVID. 704; *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). Expert witness testimony concerning child sexual abuse does not aid the jury when it constitutes a direct opinion on the child victim's truthfulness and in essence, decides an ultimate fact issue for the jury. *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993). Expert witness testimony should only be admitted when it is helpful to the jury and limited to situations in which the expert's knowledge and experience on a relevant issue are beyond that of an average juror. *Williams v. State*, 895 S.W.2d 363, 366 (Tex. Crim. App. 1994). Expert witness testimony that a child victim exhibits elements or characteristics that have been empirically shown to be common among sexually abused children is relevant and admissible under Rule 702 because it is specialized knowledge that is helpful to the jury. *Duckett v. State*, 797 S.W.2d 906, 920 (Tex. Crim. App. 1990); *Gonzales v. State*, 4 S.W.3d 406, 417 (Tex.App.-Waco 1999, no pet.).

Jennifer Hight, an investigation supervisor for the Texas Department of Family and Protective Services, testified that the Department received a referral of alleged sexual abuse of M.S. by Espinoza. Hight testified about the process of receiving and investigating referrals. She testified that the Department set up a forensic interview for M.S. and made a police report. Hight further testified that the Department believed M.S. was safe in her home and closed the case. Hight explained that the disposition of the case was "reason to believe" meaning that the Department believed there was a

"preponderance of evidence that there is a reason to believe that sexual abuse did occur to [M.S.]." Espinoza argues that Hight's testimony was a direct comment on M.S.'s truthfulness. We find that Hight's testimony explained the procedures of the Department and the Department's findings. The testimony was not a direct comment on M.S.'s truthfulness. Espinoza's trial counsel was not ineffective in failing to object to her testimony.

Mary Floyd testified that she is a forensic interviewer and that she interviewed M.S. at a children's advocacy center. Floyd testified about "red flags" in determining if children are being truthful and that she did not have any "red flags" in this case. Her testimony was not a direct comment on M.S.'s truthfulness, and trial counsel was not ineffective in failing to object to the testimony.

Dr. William Lee Carter testified that he is a psychologist with significant experience in the area of dealing with victims of sexual abuse. Dr. Carter did not interview or counsel M.S., but he observed her testimony at trial. Dr. Carter testified about characteristics in determining the believability of a child. Dr. Carter's testimony was admissible to show that M.S. exhibits elements or characteristics that have been empirically shown to be common among sexually abused children. His testimony was not a direct comment on her truthfulness, and trial counsel was not ineffective in failing to object to the testimony.

Investigator Ricky Roberts, with the TSTC Police Department, testified that he received a report regarding sexual abuse of M.S. by Espinoza. Investigator Roberts did not interview M.S., but watched the forensic interview conducted by Floyd. The State

questioned Investigator Roberts on indicators that a child is telling the truth and motives that the child has to tell a lie. The State asked Investigator Roberts whether he had any concerns that M.S. had a motive to get Espinoza in trouble, and he responded, "I did not have - - I felt she was truthful." The State then again questioned Investigator Roberts on M.S.'s motives to get Espinoza in trouble.

The State concedes that Investigator Roberts's response was an opinion on M.S.'s truthfulness. Appellant's trial counsel did not object to the statement, but questioned Investigator Roberts on cross-examination about his qualifications and experience in dealing with child abuse cases. Trial counsel elicited on cross-examination that Investigator Roberts has no training as a child psychologist, as a forensic interviewer, or in determining the truthfulness of children's statements. Espinoza has not shown that trial counsel's actions were not based upon sound trial strategy. *See Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011). Espinoza has not shown that he received ineffective assistance of counsel. We overrule the sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 6, 2014
Do not publish
[CR PM]