

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00382-CR

**BARBARA ANN WILLIAMS,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-00417-CRF-85

## MEMORANDUM OPINION

Barbara Ann Williams pled guilty to aggravated assault and was placed on community supervision for two years. TEX. PENAL CODE ANN. § 22.02 (West 2011). The trial court revoked Williams's community supervision and sentenced her to 10 years in prison. Because Williams did not meet her burden to establish that her trial counsel was ineffective, the trial court's judgment is affirmed.

In one issue, Williams argues that her trial counsel was ineffective because he failed to admonish Williams about the possible ramifications of testifying at her revocation hearing or advising Williams not to testify at the hearing.

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland*: that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). Claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus. *Id*. at 143 (citing *Bone v. State*,

77 S.W.3d 828, 833 n. 13 (Tex. Crim. App. 2002)). On direct appeal, the record is usually inadequately developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Id*. (quoting *Bone*, 77 S.W.3d at 833 (quoting *Thompson v. State*, 9 S.W.3d 808, 813-814)).

Here, counsel admonished Williams before she testified that no one could make her testify and that she had the right to remain silent. Williams understood and stated that she wanted to testify. The record is silent as to whether or not counsel failed to give Williams any additional admonishments or advice prior to Williams' decision to testify. Thus, Williams has failed to meet her burden under *Strickland*, and her sole issue is overruled.

The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 1, 2014
Do not publish
[CR25]