

IN THE
TENTH COURT OF APPEALS

No. 10-13-00370-CR

JOSE ISABEL ESTRADA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 12-03460-CRF-361

## MEMORANDUM OPINION

Jose Isabel Estrada was convicted of aggravated sexual assault of a child and sentenced to 30 years in prison. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2013). Because Estrada did not meet his burden to establish that his trial counsel was ineffective, the trial court's judgment is affirmed.

In one issue, Estrada argues that his trial counsel was ineffective because of the cumulative effect of counsel's failure to object to what Estrada contends was 1) victim

impact testimony at the guilt/innocence phase, 2) hearsay, and 3) opinion testimony regarding the complainant's truthfulness.

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland* that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). Claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus. *Id*. at 143 (citing *Bone v. State*, 77 S.W.3d 828, 833 n. 13 (Tex. Crim. App. 2002)). On direct appeal, the record is usually

inadequately developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Id.* (quoting *Bone*, 77 S.W.3d at 833 (quoting *Thompson v. State*, 9 S.W.3d 808, 813-814)).

Here, trial counsel objected to some of the complained of testimony but not for the reasons stated by Estrada on appeal. The record is silent as to why counsel did not make the recommended objections or did not make an objection at all. Thus, Estrada has failed to meet his burden under the first prong of *Strickland*, and his sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 19, 2014
Do not publish
[CRPM]