

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00098-CR

SHAWN OWEN WEST,

                                                **Appellant**

 **v.**

THE STATE OF TEXAS,

                                                **Appellee**

---

**From the County Court**
**Limestone County, Texas**
**Trial Court No. 35016**

---

## MEMORANDUM OPINION

---

The jury convicted Shawn West of the offense of driving while intoxicated and assessed punishment at 180 days confinement and a $2000.00 fine. The jury recommended that the confinement and fine portions of the sentence be suspended. The trial court suspended imposition of the sentence and placed West on community supervision for 12 months. We affirm.

## Ineffective Assistance of Counsel

In his sole issue on appeal, West contends that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Strickland v. Washington*, 466 U.S. at 687. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation. *Id*. "It is not

sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez v. State*, 343 S.W.2d at 142-3. When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez v. State*, 343 S.W.2d at 143. In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Id*.

During a break in the trial, Juror Frank Lopez spoke to the State's witness, Officer Damon Allen. West's trial counsel moved for a mistrial. The trial court record was made by audio recording. Portions of the audio recording were inaudible, and this Court abated the proceeding to the trial court to conduct a hearing and determine whether any inaudible portions of the reporter's record were necessary to the appeal and whether any inaudible portions of the reporter's record could be replaced by agreement of the parties. TEX.R.APP.P. 34.6 (f) (3) (4). The trial court held a hearing and heard the testimony of witnesses concerning the conversation between Juror Lopez and Officer Allen. The parties agreed that the testimony from the abatement hearing "correctly states the substance of the complaint at trial, which was the subject of the Motion for Mistrial."

Officer Allen testified at the abatement hearing that Juror Lopez approached him and asked about his dad. Juror Lopez said that he worked with Officer Allen's dad in the past, and asked Officer Allen about his dad's retirement. Officer Allen testified that he did not know Juror Lopez prior to the trial.

West testified at the abatement hearing that his trial counsel moved for mistrial after learning of the conversation between Juror Lopez and Officer Allen. West stated that the main concern was that there was a previous relationship between Juror Lopez and Officer Allen that would negatively affect the trial. West further testified that trial counsel would have struck Juror Lopez as a juror if he had been aware of the previous relationship. The parties agreed at the abatement hearing that West's trial counsel moved for a mistrial based upon the relationship between Juror Lopez and Officer Allen and that trial counsel would have used a peremptory challenge against Juror Lopez had he been aware of the relationship.

West argues on appeal that his trial counsel was ineffective in failing to conduct a hearing on the motion for mistrial. West contends that trial counsel should have called witnesses concerning the prohibited communications and that there cannot be any trial strategy to urge a motion for mistrial alleging that a juror had prohibited communications with a witness and not offer any evidence concerning the prohibited communication. The record shows that the trial court held a hearing in chambers with Juror Lopez, the State, and trial counsel and that all parties had the opportunity to question Juror Lopez. Trial counsel learned of the communication, moved for mistrial, and the trial court held a hearing in chambers. West has not shown that trial counsel's representation fell below an objective standard of reasonableness.

Moreover, because this appeal was abated, the record contains additional evidence concerning the communication between Officer Allen and Juror Lopez. When a juror converses with unauthorized persons, a new trial is not required if it is shown

that the case was not discussed or that nothing prejudicial to the accused was said. *Drone v. State*, 906 S.W.2d 608, 617 (Tex. App.-Austin 1995, pet. ref'd). Officer Allen testified that Juror Lopez asked him about his dad and that they did not discuss anything about the case. West has not shown that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. West has not shown that he received ineffective assistance of counsel. We overrule the sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 24, 2014
Do not publish
[CR 25]