

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00576-CR

SHAWN PAUL GARNER                                                      APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12480

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty, a jury convicted Appellant Shawn Paul Garner of burglary of a building and assessed his punishment at twenty-two months' confinement in a state jail facility and a $10,000 fine. The trial court sentenced him accordingly. Appellant brings a single point on appeal, arguing that trial counsel rendered ineffective assistance of counsel by failing to object to

---

[1]*See* Tex. R. App. P. 47.4.

testimony relating to a letter that was never offered into evidence. Because we hold that Appellant did not sustain his burden of proving ineffective assistance of trial counsel, we overrule his point and affirm the trial court's judgment.

Appellant, the sole defense witness, had testified that he was married and trying to reconcile with his estranged wife. On cross-examination, the prosecutor asked him who "Jen" was. Appellant admitted that she was his girlfriend. Then, the prosecutor asked Appellant about the contents of a letter, which Appellant had admitted writing. The letter contained notations in Appellant's handwriting that he described as fantasies. Among the notations were "Virgin Diary, Hungry Virgin, Small Town Girl"; "Fantasy 14, Naughty Nymph"; "Daddy's Little Girl"; "Fantasy about [Appellant] fondling and touching her 15-year-young, tender, horny sleeping body"; phone numbers; and pictures torn or cut from a magazine. Trial counsel made no objection to the prosecutor's inquiries about these notations.

The State argues that the letter and tear sheets were admitted into evidence in that they are contained in State's Exhibit Number 4. When the State offered that exhibit, the prosecutor laid the following predicate,

> Q    I'm going to show you State's Exhibit Number 1, 2, 3 and 4. Are those CDs containing photographs at the four different locations that we just mentioned? (Indicating)
>
> A    Yes, sir.
>
> Q    And do those photographs fairly and accurately represent what you found at those locations during your investigation in this case?

A      Yes, they do.

No mention was made of the letter in relation to State's Exhibit 4.  The CD was ostensibly offered to show the presence of stolen property in the motel room. Trial counsel stated that he had no objection to the admission of the exhibit. When the State cross-examined Appellant about the exhibit, there was no mention of the letter.  Examining the contents of the exhibit carefully, we note that, although the letter and tear sheets were not offered or admitted into evidence, pictures of the letter and tear sheets are contained on the exhibit.

For an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record.[2]  We must not engage in retrospective speculation.[3]  When direct evidence is not available, we must assume that counsel had a strategy

> if any reasonably sound strategic motivation can be imagined.  In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight.  While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own.
>
> . . . .  [T]his is a difficult hurdle to overcome:  the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no

---

[2]*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[3]*Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning.[4]

The Texas Court of Criminal Appeals has further explained,

> Ineffective-assistance-of-counsel claims are governed by the familiar *Strickland* framework: To prevail, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defense. An attorney's performance is deficient if it is not within the range of competence demanded of attorneys in criminal cases as reflected by prevailing professional norms, and courts indulge in a strong presumption that counsel's conduct was not deficient. A defendant suffers prejudice if there is a reasonable probability that, absent the deficient performance, the outcome would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. It is a rare case in which the trial record will by itself be sufficient to demonstrate an ineffective-assistance claim. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.[5]

Although no explanation for failing to object springs readily to mind, we cannot say that no reasonable strategy could justify trial counsel's decision not to object.

Because the record is inadequate to demonstrate that trial counsel rendered ineffective assistance to Appellant under the appropriate standard, we overrule his sole point and affirm the trial court's judgment.

---

[4]*Id.* at 143 (citations omitted).

[5]*Nava v. State*, 415 S.W.3d 289, 307–08 (Tex. Crim. App. 2013) (internal quotation marks and citations omitted).

4

                                /s/ Lee Ann Dauphinot
                                LEE ANN DAUPHINOT
                                JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 12, 2015

5