ACCEPTED
06-14-00186-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/14/2015 6:27:19 PM
DEBBIE AUTREY
CLERK

**CASE NOs. 06-14-00186-CR, 06-14-00187-CR, 06-14-00188-CR & 06-14-00189-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/15/2015 9:13:00 AM
DEBBIE AUTREY
Clerk

**IN THE**

**COURT OF APPEALS**

**FOR THE**

**SIXTH  SUPREME JUDICIAL DISTRICT OF TEXAS**

*DARRIAN DAVIS-SANDERS*,  **Appellant**

*v.*

*THE STATE OF TEXAS*, **Appellee**

**APPEAL IN CAUSE NOs.  CR-12-24246, CR-12-24273, CR-12-24274 & CR-12-24275**

**FROM THE 336TH DISTRICT COURT**

**OF FANNIN COUNTY, TEXAS**

**APPELLANT'S BRIEF**

Micah Belden
TBN.: 24044294
711 N. Travis
Sherman, Texas 75090
P.: 903-744-4252
F.: 903-893-1734
ATTORNEY FOR APPELLANT

**NO ORAL ARGUMENT REQUESTED**

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………………………..ii

IDENTITY OF PARTIES AND COUNSEL.................................................................iii

INDEX OF AUTHORITIES.......................................................................................iv

STATEMENT OF THE CASE.....................................................................................v

STATEMENT OF JURISDICTION.............................................................................v

ISSUE PRESENTED……………..…..…….….…………………………..……v

STATEMENT OF FACTS............................................................................................1

SUMMARY OF ARGUMENT…. …………………………………………….3

ARGUMENT……………………………………………………………………..3

CONCLUSION AND PRAYER...................................................................................8

CERTIFICATE OF SERVICE......................................................................................8

CERTIFICATE OF COMPLIANCE............................................................................9

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the Trial Court's Judgment and their counsel in the Trial Court:

**THE STATE OF TEXAS** / Appellee:    Mr. Richard Glaser
101 E. Sam Rayburn
Bonham, TX 75418
P.: (903) 583-7448
F.: (903) 583-7682

**DARRIAN DAVIS
-SANDERS** /Appellant:    Mr. Micah Belden
Attorney at Law
711 N. Travis
Sherman, TX 75090
P.: (903) 744-4252
F.: (903) 893-1734

# INDEX OF AUTHORITIES

**CASES**

*Dowthitt v. State*, 931 S.W.2d 244 (Tex.Crim.App. 1996)                    7

*Hudson v. State,* 662 S.W.2d 957 (Tex.Crim.App.1984)                    4

*Illinois v. Rodriguez,* 497 U.S. 177 (1990)                    5

*Kentucky v. King,* 131 S.Ct. 1849 (2011)                    4

*Limon v. State,* 340 S.W.3d 753 (Tex.Crim.App.2011)                    5

*Lopez v. State,* 343 S.W.3d 137 (Tex.Crim.App.2011)                    7

*Maryland v. Buie,* 494 U.S. 325 (1990)                    4

*Ohio v. Robinette,* 519 U.S. 33 (1996)                    6

*Reasor v. State,* 12 S.W.3d 813 (Tex.Crim.App. 2000)                    4

*Shiflet v. State*, 732 S.W.2d 622 (Tex.Crim.App. 1985)                    7

*State v. Weaver,* 349 S.W.3d 521 (Tex.Crim.App.2011)                    6

*Steagald v. United States,* 451 U.S. 204 (1981)                    4

*Strickland v. Washington,* 466 U.S. 668 (1984)                    7

*Thompson v. State,* 9 S.W.3d 808 (Tex.Crim.App.1999)                    7

*United States v. Gould,* 364 F.3d 578 (5th Cir.2004)                    4

*Valtierra v. State,* 310 S.W.3d 442 (Tex.Crim.App.2010)                    5

**STATUTES**

Tex. Code Crim. Pro. 38.22 & 38.23                    6

## STATEMENT OF THE CASE

On May 28, 2014, the state moved to adjudicate Mr. Davis-Sanders's guilt in all four cases herein based on an allegation of possession of methamphetamine and a firearm in each case. On September 25, 2014, the Court entered judgments in all four cases adjudicating his guilt and sentencing him to serve one sixty year sentence and three ten year sentences to serve concurrently. On appeal, Mr. Davis-Sanders brings one point of error.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to hear this appeal pursuant to § 4.03 of the Texas Code of Criminal Procedure.

## ISSUE PRESENTED

**Counsel was Ineffective for Failing to Move to Suppress the Search of the Apartment, the Bags in Which Drugs and Firearms Were Found, and Responses to Custodial Interrogation.**

**TO THE HONORABLE JUDGES OF THE SIXTH COURT OF APPEALS:**

COMES NOW, Appellant Darrian Davis-Sanders, ("Mr. Davis-Sanders"), and submits this brief pursuant to Rule 38.1 of the Texas Rules of Appellate Procedure, appealing the adjudication of guilt in these causes entered September 25, 2014. Appellee is referred to as "the State." Mr. Davis-Sanders requests that this Honorable Court of Appeals reverse the court's adjudication of guilt, conviction and punishment in each case based on ineffective assistance of counsel, and remand this case for a new hearing so that a motion to suppress illegally obtained evidence can be filed.

## STATEMENT OF FACTS

Officer Gary Vann of the City of Garland Police Department testified that he went to the apartments at 3536 West Kingley Road in response to a both tip from an informant and a subsequent corroborating phone call that two black males were in the parking lot, were attempting to sell methamphetamine and were in possession of handguns. RR 10-11. He spoke to the apartment manager upon arrival, obtained the identity of a female who "rented the room," and confirmed warrants that were outstanding on the renter. *Id.* at 11. Officer Gann said he and a backup then:

> [W]ent up and did what we call a knock-and-talk. Knocked on the door. No one answered. Heard some people talking inside. Knocked on it again. I observed [Appellant] – matching the description of one of the suspects holding the handgun – open the blinds, which was approximately three feet from where I was standing from the door, look out. I observed him. He shut the door real quick when he noticed us, then I heard a bunch of running around, talking.
>
> Knocked again and it got real quiet. Knocked again and a young lady opened the door, which was Ms. Brittany. At that time, it was a lot of smoke – marijuana smoke. I'm a certified drug recognition expert. A lot of smoke. On the table, which was approximately five feet from where I was standing, I observed

1

marijuana.  I did also observe in this hotel room – it's an open room and the only thing that you can't see is inside the bathroom.  I didn't observe anybody else.  I didn't observe Mr. Davis-Sanders anywhere.   All I observed was the female.  Heard some rustling around inside the bathroom.

Made entry into the apartment – or, excuse me – into the room to secure the evidence in fear that it was extra circumstances due to the marijuana being on the table.  Feared that some drugs were being disposed of at that time…

At that point in time, as I was making my way to the bathroom, Mr. Davis-Sanders exited the bathroom.  Went ahead and asked – got him out.  As we were doing a protective sweep of the room, found another male and female.  The female was hiding in the corner with the items covering her up…

*Id.* at 11-13.   The officer continued to describe his encounter:

<u>We did our protective sweep for our weapons and for our drugs</u>.  At that point in time, I asked the young lady, Ms. Brittany – explained to her what our complaint was, and she said that she did have a firearm that belonged to her in the room and she advised me where that was…

I asked Mr. Davis-Sanders …if he had a firearm…he did oblige and said he did have a handgun in the room.  I had him sit on the bed…He pointed to his backpack and he said "That one's mine.  That's where the gun is."  So, I go ahead and pick the backpack up and I said, "Which compartment is the gun in?"  And he said, "The big one."  As I open the big compartment up on top, there was his driver's license and social-security number – social security card on top of that.  Underneath that was a loaded firearm with one in the chamber…

Underneath that, in plain view, there was a white bandana.  Sticking out – protruding out from the white bandana, there was a clear white plastic baggy that contained a crystal-like substance which I recognized from my training and experience to be methamphetamine.

*Id.* at 14-15 (emphasis added).

Mr. Davis-Sanders took the stand and testified that he was a guest at the hotel room that day, and had been there before.  *Id.* at 40-41.   He also testified that:

At the point of my arrest, we were laying on our stomachs. [Officer Gann] called me -- he said, "You get up." He kept asking me what my name was. I was giving him my whole name.My name is Darrian De'Anthony Davis-Sanders. At that time,

2

he got really angry at me, said "If you don't give me your real name, I'm going to make it harder on you than it should be." I said, "I give you my real name." He kept calling me a Devarius Campbell guy. I said, "That's not me." He took -- he then took me into the room. He put me in front of the bed. I sat in a chair just like I'm sitting now. And that's when he started pulling weapons and drugs out of bags.

RR at 46. Mr. Davis-Sanders further declared:

I didn't know anything up until the things started coming out of bags. There was like four bags in the room, an orange bag, a travel bag. Besides my blue bag, there was like three or four bags by themselves already in the room.

*Id.* at 47.

## SUMMARY OF THE ARGUMENT

Counsel was ineffective for failing to move to suppress the search of the apartment and the bags which contained evidence herein, as well responses to custodial interrogation. The only evidence Mr. Davis-Sanders violated his probation was from the overbroad "protective sweep" of the apartment. The specific search of the bag exceeding the scope of the protective sweep, and any consent was involuntary and any responses to the officer's questions unlawfully obtained. The evidence in this case would have been suppressed if a proper motion was filed, thus this case should be reversed for ineffective assistance in order for counsel to file a motion to suppress and have a hearing.

## ARGUMENT

**Counsel was Ineffective for Failing to Move to Suppress the Search of the Apartment, the Bags in Which Drugs and Firearms Were Found, and Responses to Custodial Interrogation.**

All of the evidence to revoke Mr. Davis-Sanders's probation should have been suppressed as it came from the warrantless search of the apartment, pursuant to the officer's overbroad "protective sweep" and custodial interrogation of Mr. Davis-Sanders.

3

Absent the existence of exigent circumstances or consent, police may not enter a residence pursuant to an arrest warrant for a nonresident without first obtaining a search warrant. *Steagald v. United States,* 451 U.S. 204, 205-06 (1981); *Hudson v. State,* 662 S.W.2d 957, 958 (Tex.Crim.App.1984).

Here, there were no sufficient exigent circumstances to allow for a protective sweep, as there was insufficient objective evidence that drugs or other evidence was being destroyed. It is clear that Davis-Sanders was the target of the search. Officer Gann had time to obtain a search warrant for the apartment based on his confidential informant and the second "corroborating" phone call, especially after he talked with the apartment manager. He also could have done a protective sweep, detained the individuals with his backup while he obtained a search warrant. He decided to do a warrantless entry, illegal search and improper interrogation rather than take the time to obtain a search warrant.

A "protective sweep" is a "quick and limited search of the premises" "conducted to protect the safety of police officers or others." *Reasor v. State,* 12 S.W.3d 813, 815 (Tex.Crim.App. 2000) (quoting *Maryland v. Buie,* 494 U.S. 325, 328 (1990)). Protective sweeps are generally conducted incident to an arrest, but the absence of an arrest does not preclude a protective sweep, even in a defendant's home. *United States v. Gould,* 364 F.3d 578, 584–86 (5th Cir.2004), *abrogated on other grounds by Kentucky v. King,* 131 S.Ct. 1849, 1859 (2011). For the sweep to be valid, the police must not have entered the home illegally, and their presence must be for valid law enforcement purposes. *Id.* at 587. A legitimate protective sweep must be supported "'by a reasonable, articulable suspicion ... that the area to be swept harbors an individual posing a danger to' those on the scene,"

and may be no more than a "'cursory inspection of those spaces where a person may be found.' " *Id.* (quoting *Buie,* 494 U.S. at 1099–1100); *see also Reasor,* 12 S.W.3d at 817 ("[A] police officer may sweep the house only if he possesses an objectively reasonable belief, based on specific and articulable facts, that a person in that area poses a danger to that police officer or to other people in the area."). Finally, the sweep must "'last[ ] no longer than is reasonably necessary to dispel the reasonable suspicion of danger.'" *Gould,* 364 F.3d at 587 (quoting *Buie,* 494 U.S. at 1099). Finally, such sweeps are permitted only when a police officer possesses an objectively reasonable belief, based on specific and articulable facts, that a person in the area poses a danger to that police officer or to other people in the area. *Reasor*, 12 S.W.3d at 817. Here, the protective pretext was a simple pretext and excuse to evade the warrant requirement for domiciles, and specific and articulable facts did not support a protective sweep.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *Limon v. State,* 340 S.W.3d 753, 756 (Tex.Crim.App.2011); *see* U.S. Const. amend. IV; *Illinois v. Rodriguez,* 497 U.S. 177, 179 (1990). The entry into a residence by police officers is a "search" for purposes of the Fourth Amendment. *Limon,* 340 S.W.3d at 756; *Valtierra v. State,* 310 S.W.3d 442, 448 (Tex.Crim.App.2010). A warrantless police entry into a residence is presumed unreasonable unless the entry falls within one of a well-defined group of exceptions. *Limon,* 340 S.W.3d at 756; *Valtierra,* 310 S.W.3d at 448.

Voluntary consent is an exception to the search warrant requirement. *Rodriguez,* 497 U.S. at 181; *Limon,* 340 S.W.3d at 756; *Valtierra,* 310 S.W.3d at 448. An owner's or

occupant's voluntary consent makes the entry into a residence by police officers constitutionally "reasonable." *Rodriguez,* 497 U.S. at 181; *Valtierra,* 310 S.W.3d at 448. Consent may be given orally or by action, or may be shown by circumstantial evidence. *State v. Weaver,* 349 S.W.3d 521, 526 (Tex.Crim.App.2011); *Valtierra,* 310 S.W.3d at 448. The validity of an alleged consent to search is a question of fact to be determined from the totality of the circumstances. *Ohio v. Robinette,* 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996); *Weaver,* 349 S.W.3d at 526; *Valtierra,* 310 S.W.3d at 448. The State must prove voluntary consent by clear and convincing evidence. *Weaver,* 349 S.W.3d at 526; *Valtierra,* 310 S.W.3d at 448.

Here, even if the door was opened and enough consent for the police officer to enter to arrest the female for which he had a confirmed warrant, the officer was only able to conduct a limited protective sweep of the apartment for persons to ensure that none were a danger or destroying drug evidence under *Kentucky v. King.* However, after that his actions became unreasonable.

This record states that while Mr. Davis-Sanders was not in custody, he was under a show of force from the police when they began interrogating him. In response to this force, he may have responded to their questions. However, the circumstances do not indicate a voluntary consent necessary to search the bag in question, which led to the only evidence which could revoke Mr. Davis-Sanders's probation. The officer did not testify that Mr. Davis-Sanders consented to his search.

Under Code of Criminal Procedure articles 38.22 and 38.23, his statements and the search which led to the incriminating evidence against him were involuntary and the

6

result of the illegal search. In *Dowthitt v. State*, 931 S.W.2d 244 (Tex.Crim.App. 1996), the Court of Criminal appeals noted that:

> We have outlined at least four general situations which may constitute custody: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.

(citing *Shiflet v. State*, 732 S.W.2d 622, 629 (Tex.Crim.App. 1985)). Here, at least prongs (3) and (4) were met. Because Mr. Davis-Sanders was in custody for state law purposes, the police were required to give him his *Miranda* and 38.22 warnings prior to questioning him. Any questioning of Mr. Davis-Sanders was unlawful, and any "consent" alleged to be given was involuntary.

Ineffective assistance is cognizable on direct appeal if the record is clear. *Lopez v. State,* 343 S.W.3d 137, 142–43 (Tex.Crim.App.2011). To prevail under *Strickland*, a defendant must show that (1) counsel's performance was deficient, and (2) the defendant was prejudiced by the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

While a complete suppression hearing was not held in this case, the record demonstrates firmly that an illegal search was conducted. The officer entered without a warrant intending to bypass the warrant requirement, Mr. Davis-Sanders did not consent to the search herein, the scope of the protective sweep was exceeded, and because any responses he made to the police officer were involuntary and illegal, the search and

7

questioning was inadmissible at the hearing herein had a motion to suppress been filed. Counsel's performance was deficient for failing to file a motion to suppress and Mr. Davis-Sanders was prejudiced because the only evidence sufficient to violate his probation was obtained as the result of an illegal search. This Court should reverse this case and remand for a new hearing in which Counsel can file a suppression motion to challenge this unlawful search and seizure.

## CONCLUSION & PRAYER

Wherefore, premises considered, Mr. Davis-Sanders prays that this Court, after reviewing the record and the arguments of parties, reverse the adjudication of guilt, conviction and sentence in this case, and remand for a new trial on punishment.

RESPECTFULLY SUBMITTED,

/s/ *Micah Belden*_____
Micah Belden
State Bar No. 24044294
711 N. Travis
Sherman, TX 75090
P.: 903-744-4252
F.: 903-893-1734

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the Fannin County District Attorney's Office, Mr. Richard Glaser, on May 14, 2015 by email.

*/s/ Micah Belden*_____
Micah Belden

## CERTIFICATE OF COMPLIANCE

This is to certify that this document contains 2,510 words, exclusive of those excluded by the Texas Rules of Appellate Procedure.

/s/ *Micah Belden*