

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00318-CR
_____

JESUS DOMINGUEZ MATA AKA JUAN JESUS MATA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A19754-1410, Honorable Robert W. Kinkaid, Jr., Presiding

May 16, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jesus Dominguez Mata aka Juan Jesus Mata (appellant) appeals his conviction for burglary of a habitation.  Through two issues, he contends that 1) counsel was ineffective and 2) the evidence was insufficient to sustain his conviction.  We affirm.

*Background*

Per the record, appellant was in the apartment of Alcoser, the apartment's resident.  Though he had previously resided there with her, she had asked him to leave about a month earlier.  On the day of the burglary, Alcoser had returned from staying at

her daughter's house, entered the abode, called her daughter, encountered someone shining a flashlight in her eyes while on the phone, began screaming, and felt a hand cover her mouth. The hand belonged to appellant.

Hearing her mother's screams, Alcoser's daughter phoned 9-1-1, which, in turn, notified the police. Two officers arrived at the scene. The one who proceeded to the back door encountered appellant attempting to leave from it. However, appellant shut the door upon encountering the officer. The officer nevertheless proceeded inside and arrested appellant. A search of the latter person uncovered several pairs of ladies' underwear and nail polish. Alcoser would later identify the items as hers and state that she had not given them to him. Alcoser would also state that she had not given appellant permission to be in the apartment at the time.

Other evidence revealed the presence of a pry bar in or near the kitchen sink which appellant had placed there before attempting to exit through the backdoor. Also found on or by the backdoor were pry marks and wood chips.

*Issue One – Ineffective Assistance*

Appellant claims he received ineffective assistance of counsel because his trial attorney did not ask that the charge include the lesser included offense of criminal trespass. We overrule the issue.

The pertinent standard of review is well known and need not be repeated. It is enough to cite the parties to *Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011). In *Lopez*, our Court of Criminal Appeals also stated that we "must make a 'strong presumption that counsel's performance fell within the wide range of reasonably professional assistance.' In order for an appellate court to find that counsel was

2

ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record . . . . When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* at 142-43, *quoting*, *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The complaint at bar was not raised below. Thus, we have no evidence before us indicating why trial counsel did not request a lesser included instruction. Moreover, it has been recognized that the decision to forego an instruction on a lesser included offense may be sound or reasonable trial strategy. *See Washington v. State*, 417 S.W. 3d 713, 726-27 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (stating that it may be a reasonable trial strategy to decide to not request a charge on a lesser included offense). Given these circumstances, we heed the admonishment in *Lopez*, assume that trial counsel's conduct at bar was supported by reasonable trial strategy, and conclude that appellant failed to prove he received ineffective assistance of counsel.

*Issue Two – Sufficiency of the Evidence*

Next, appellant argues that the evidence of his guilt was insufficient because, among other things, 1) he previously lived in the apartment, 2) Alcoser had previously given his sister items of clothing that may or may not have included the panties and nail polish found on his person at the scene, and 3) he may have secured those items from his sister and opted to carry them around in memory of his relationship with Alcoser. We overrule the issue.

Appellant was indicted for "intentionally or knowingly enter[ing] a habitation, without the effective consent of . . . Alcoser . . . and attempt[ing] to commit or committed theft of property, to-wit: clothing, owned by . . . Alcoser." *See* TEX. PENAL CODE ANN.

3

§ 30.02(a)(1) (West 2011) (describing the elements of burglary). The pertinent standard of review applied in assessing whether the foregoing crime was proven is discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). We refer the litigants to that discussion.

The evidence we mentioned under the heading "background" was some evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant entered a habitation without the effective consent of the owner and attempted to or actually committed theft. Despite having lived in the apartment before, he was asked to leave a month prior to Alcoser's discovery of his presence therein. The jury was free to believe Alcoser's testimony that she had not given him permission to reenter the abode or take her underwear. It was also free to reject the notion that she had given the women's underwear to appellant's sister, and appellant just happened to like walking around with such items in memory of Alcoser. Therefore, the verdict has sufficient evidentiary support.

We affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.

4