

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-16-00404-CR
07-16-00405-CR

JASON PAUL HARPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 70,490-D & 70,491-D, Honorable Don R. Emerson, Presiding

July 18, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jason Paul Harper (appellant) appeals his convictions for unlawfully possessing a firearm and possessing methamphetamine with intent to deliver. Through a single issue, he contends he received ineffective assistance of counsel during punishment. We affirm.

In its recent decision of *Ex parte Bowman*, __ S.W.3d __, 2017 Tex. Crim. App. LEXIS 582 (Tex. Crim. App. June 28, 2017), the Court of Criminal Appeals reiterated the standard applied when reviewing ineffective assistance claims.

In order to prevail on a Sixth Amendment claim of ineffective assistance of counsel, a [defendant] must show, by a preponderance of the evidence, that "counsel's performance was deficient." *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). [They] must show that counsel's performance failed to satisfy an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. A reviewing court must assess reasonableness under the circumstances of the particular case "viewed as of the time of counsel's conduct." *Id.* at 688, 690. Isolated errors or omissions of counsel do not amount to deficient performance, which is judged by the totality of the representation. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Constitutionally competent legal representation is not a static thing: "[t]here are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 689. "[C]ounsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* at 690. The presumption is that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* [A defendant] who cannot overcome this presumption by a preponderance of the evidence will not succeed in his Sixth Amendment claim. *See id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both (the deficiency prong and prejudice prong of the Strickland standard) if the defendant makes an insufficient showing on one."). The [defendant] must identify with particularity "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

* * * * *

An advocate's strategic decisions must be informed by a reasonable preliminary investigation. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690.

*Ex parte Bowman*, __ S.W.3d at __, 2017 Tex. Crim. App. LEXIS 582, at *25-26.

Here, appellant contends that "by merely resting and not putting on any punishment evidence defense counsel was deficient." Therefore, "he effectively had no

2

counsel in the punishment portion of the trial." He, further, argues that "he was denied his Sixth Amendment right to effective assistance of counsel."

It is clear that defense counsel need not present mitigating evidence in every case to be deemed reasonably effective. *Wiggins v. Smith*, 539 U.S. 510, 533, 123 S. Ct. 2527, 2541, 156 L. Ed. 2d 471 (2003) (stating that "*Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing. Nor does *Strickland* require defense counsel to present mitigating evidence at sentencing in every case. Both conclusions would interfere with the 'constitutionally protected independence of counsel'"). Furthermore, *Bowman* mandates that the reasonableness of an attorney's performance be assessed against the circumstances of the particular case. Combining what both *Wiggins* and *Bowman* tell us, we observe two things.

First, one of the circumstances incremental to appellant's argument and burden is the existence of evidence potentially influencing appellant's punishment in a favorable way. If none exists then counsel could hardly be castigated for not presenting it. *See Medina v. State*, No. AP-76,036, 2011 Tex. Crim. App. Unpub. LEXIS 1, at *44 (Tex. Crim. App. Jan. 12, 2011) (not designated for publication) (holding that "[b]y not specifying what evidence his counsel should have presented, the appellant has failed to present a basis to conclude that defense counsel's decision not to present evidence was unreasonable, or that there is a reasonable probability that the result would have been different"). Second, should appellant clear that initial hurdle, he should then try to explain why the decision to withhold the evidence was unreasonable. And, since the burden lay with **appellant** to establish his claim by a preponderance of the evidence, we

need not *sua sponte* peruse the record for the requisite evidence or contrive the missing explanation.

Appellant said nothing about the existence of mitigating evidence favorable to him. Nor did he attempt to cite us to such evidence. Similarly missing is argument purporting to explain why withholding the unknown evidence was unreasonable, under the circumstances. Because appellant cleared neither of the two hurdles mentioned above, we cannot say that he carried his burden to show his trial attorney's performance was deficient. *See Medina v. State, supra*. Therefore, we overrule his sole issue.

The judgments of the trial court are affirmed.


Brian Quinn
Chief Justice

Publish.